UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MOISES MATIAS on his own behalf
and on behalf of all others similarly situated,

                                    Plaintiff,                            CLASS ACTION COMPLAINT
                                                                                     08-CIV-1203

    -against-                                                          JURY TRIAL DEMANDED

VANGELDEREN SERVICES INC.

                                  Defendant.                             BRIEANT
-----------------------------------------------------------------X

       Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et. seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors within the meaning of 15 U.S.C. § 1692a(6) from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Moises Matias (hereinafter "Moises Matias") is a resident of the State of New York, Bronx County. On or about January 11, 2008, plaintiff received and came into contact with an initial form collection letter from defendant at plaintiff's home address. **Exhibit A**.

5. Defendant Vangelderen Services Inc. is a Domestic Corporation located in Chestnut Ridge, New York, Rockland County. Defendant attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as indicated in paragraphs numbered 16-19, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Vangelderen Services Inc.

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, dozens of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(5), 1692e(10), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5).

b. Whether plaintiff and the Class have been injured by the defendant's conduct;

c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. Starting on or about January 11, 2008, defendant mailed a collection letter dated January 11, 2008 to Moises Matias. The letter demanded payment of a debt allegedly owed by plaintiff to Community Hospital at Dobbs Ferry. The letter demanded payment and failed to include the thirty day dispute notice mandated by 15 U.S.C. § 1692g. **Exhibit A**.

## FIRST CAUSE OF ACTION

16. Each of the above allegations is incorporated herein.

17. The collection letter violated numerous provisions of the FDCPA by failing to notify the consumer of his right to dispute the validity of the debt and the right to demand verification of the debt as provided by 15 U.S.C. § 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5).

18. The collection letter further violated the FDCPA, by attempting to collect a debt within the boundaries of the City of New York absent a New York City Department of Consumer Affairs collection agency license.

19. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff statutory damages;

c) Awarding class members the maximum statutory damages;

d) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

e) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: February 1, 2008
Uniondale, New York

*[signature]*

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, New York 11556-0626
Telephone  (516) 522-2621
Facsimile  (888) 522-1692

**Exhibit A**



# vanGelderen Services Inc.
146 RED SCHOOLHOUSE RD., CHESTNUT RIDGE, NEW YORK 10977
845-735-2600

11 Jan 2008

Moises Matias
3190 Perry Ave
Apt 1A
Bronx, NY 10467

Re: Community Hospital at Dobbs Ferry
Matias, Moises
Patient # F00078486
Admission: 06/14/07
Balance Due: $988.00

Dear Moises Matias

    Your account has been referred to our office for collection. Before instituting full collection procedures, we want to afford you the opportunity to resolve this matter.

    If there is no valid reason for not paying the balance due in full, please forward your payment payable to the above captioned creditor in the enclosed self addressed envelope.

    If you have insurance coverage which you feel should cover this balance it is imperative you forward your insurance information to us immediately.

    Please understand that any information we obtain will be used for the purpose of collecting this debt.

Very Truly Yours,

*Edward Baker*

Edward Baker
Collections Manager

vgs #: 62481